IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL LABOR COLLEGE, INC.                :

                                        :

   v.                          :   Civil Action No. DKC 09-1954

                                        :

THE HILLIER GROUP ARCHITECTURE
NEW JERSEY, INC., et al.                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this contract dispute is a motion to dismiss filed by third-party defendant TOLK, Inc. ("Tolk"). (ECF No. 52). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be granted in part and denied in part.

**I.  Background**

The background of this case was set forth in detail in a prior opinion, *National Labor College, Inc. v. Hillier Group Architecture New Jersey, Inc.*, 739 F.Supp.2d 821 (D.Md. 2010), and will be repeated here only to the extent necessary to frame the relevant issues.

On August 30, 2003, Plaintiff National Labor College, Inc. ("Plaintiff"), entered into a contract with Defendant The Hillier Group Architecture, New Jersey, Inc. ("Hillier"), pursuant to which Hillier was to prepare architectural and

engineering  design  documents  ("A/E  Documents")  for  the

construction  of  a  two-story,  multipurpose  building  on

Plaintiff's  campus  ("the  Project").   Hillier  subsequently

contracted  with  Tolk  to  provide  the  mechanical,  electrical,  and

plumbing  design  ("MEP  design"),  which  was  incorporated  into  the

A/E  Documents.   Construction  of  the  Project  was  scheduled  to  be

completed  by  no  later  than  December  8,  2005.   Due  to  alleged

defects  in  the  A/E  Documents  (including  the  MEP  design),  and

slow  and  inadequate  responses  to  problems,  completion  was

delayed  by  approximately  ten  months,  resulting  in  economic

damages  to  Plaintiff.

Plaintiff  commenced  this  action  against  Hillier  and  Tolk  on

July  27,  2009,  alleging  (1)  negligence  against  Hillier,  (2)

negligence  against  Tolk,  (3)  breach  of  contract  against  Hillier,

(4)  breach  of  contract  against  Tolk  (under  a  third-party

beneficiary  theory),  and  (5)  common  law  indemnification  against

Hillier.   Both  defendants  moved  to  dismiss.   By  a  memorandum

opinion  and  order  issued  September  14,  2010,  the  court  granted

in  part  and  denied  in  part  Hillier's  motion  and  granted  Tolk's

motion  in  full.   As  relevant  here,  the  court  found  that  "the

economic  loss  rule  applie[d]  to  preclude  Plaintiff's

tort/negligence  cause  of  action  against  Tolk,"  *National  Labor*

*College*,  739  F.Supp.2d  at  834,  and  that  because  Plaintiff  was  an

incidental,  rather  than  intended,  beneficiary  of  the

Tolk/Hillier contract, a breach of contract claim under a third-party beneficiary theory could not be sustained, *id.* at 835-36. The only surviving claims were Plaintiff's breach of contract and/or negligence claims against Hillier.[1]

Hillier answered the complaint on January 10, 2011, and a scheduling order was issued. Following multiple consent motions for modification of the scheduling order, Hillier filed a third-party complaint against Tolk on August 29, 2011. (ECF No. 41). The third-party complaint recites that "a large portion of the damages suffered by [Plaintiff], as alleged in its complaint, [was] caused by [Tolk's] actions, errors and omissions on the Project work." (*Id.* at ¶ 14). Thus, Hillier claims entitlement to "contractual indemnity (express and implied), common law indemnity, and contribution for all damages that [Plaintiff] seeks against Hillier." (*Id.* at ¶ 15).

In response, Tolk filed the pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 52). Hillier has opposed that motion (ECF No. 53), and Tolk has filed a reply (ECF No. 54).

---

[1] As discussed at length in the prior opinion, there is "significant overlap" between these two causes of action in professional malpractice cases. *National Labor College*, 739 F.Supp.2d at 826.

## II.   Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, the court need not accept unsupported legal allegations. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Nor must it agree with legal conclusions couched as factual allegations,

*Iqbal*, 556 U.S. at 678, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

In the instant motion, Tolk argues, *inter alia*, that Hillier's third-party complaint is time-barred. The statute of limitations is an affirmative defense that a party typically must raise in a pleading under Fed.R.Civ.P. 8(c) and is not usually an appropriate ground for dismissal. *See Eniola v. Leasecomm Corp.*, 214 F.Supp.2d 520, 525 (D.Md. 2002); *Gray v. Metts*, 203 F.Supp.2d 426, 428 (D.Md. 2002). Nevertheless, dismissal may be proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996).

**III. Analysis**

Tolk argues that dismissal of the third-party complaint is warranted for essentially four reasons: (1) Hillier failed to seek leave prior to filing the third-party complaint; (2) Hillier's claims are time-barred; (3) Hillier failed to plead satisfaction of a condition precedent to filing suit; and (4) Hillier failed to state a claim upon which relief may be granted. Each of these arguments will be addressed, in turn.

**A.   Failure to Seek Leave**

The third-party complaint was filed more than fourteen days after Hillier filed its original answer to Plaintiff's complaint. Thus, pursuant to Fed.R.Civ.P. 14(a)(1), Hillier was required to obtain leave to file it, which it failed to do. According to Tolk, this omission is "fatal" because it "takes away [the] [c]ourt's discretion" to grant or deny leave. (ECF No. 54, at 5-6).

While the language of Rule 14(a)(1) is mandatory – *i.e.*, it provides that "the third-party plaintiff *must*, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer" – the failure to file a motion for leave does not deprive the court of discretion. A third-party complaint filed without leave more than fourteen days after the original answer "is subject to a motion to strike or vacate under Rule 14(a)(4), which provides

that 'any party may move to strike the third-party claim, to sever it, or to try it separately.'"   6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1454 (3d ed. 2010); *see also Sullivan v. Limerick Golf Club, Inc.*, Civ. No. 06-4680, 2008 WL 2502133, at *1 (E.D.Pa. June 23, 2008).   In considering such a motion, the court has "discretion to strike the third-party claim 'if it is obviously unmeritorious and can only delay or prejudice disposition of plaintiff's claim." *Id.; see also Evans v. Allen-Williams Corp.*, Civ. A. No. 1988-75, 1997 WL 195449, at *3 n. 3 (D.Vi. Mar. 7, 1997).   As this language suggests, it is potential prejudice to the plaintiff in the underlying suit, not to the third-party defendant, that is the primary consideration in this analysis. *See, e.g., Con-Tech Sales Defined Ben. Trust v. Cockerham*, 715 F.Supp. 701, 703 (E.D.Pa. 1989) ("In exercising its discretion [on a motion for leave to file a third-party complaint], the court should consider (1) the possible prejudice to the plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and (4) timeliness of the motion to implead.").   Indeed, this is necessarily so because "the third-party defendant is not, at the time application for leave is made, a party." *Pantano v. Clark Equipment Co.*, 139 F.R.D. 40, 42 (S.D.N.Y. 1991) (quoting *Hensley v. United States*, 45 F.R.D. 352, 353 (D.Mont. 1968) (internal marks omitted)).

In its reply papers, Tolk suggests, in passing, that the third-party complaint is "futile and should therefore be stricken" (ECF No. 54, at 6), but it has not specifically moved to strike or sever pursuant to Rule 14(a)(4), and it points to no support for the proposition that dismissal is proper under Rule 12(b)(6).  Even if it were subject to dismissal, however, the practical effect would be that Hillier would simply be permitted to re-file it attached to a motion for leave.  Such a motion must be "liberally allowed, if it will prevent duplication of suits based on closely related matters," *Shaw v. Dawson Geophysical Co.*, 657 F.Supp.2d 740, 743 n. 2 (S.D.W.Va. 2009) (quoting *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D.Va. 2003)), and there is a persuasive argument that it should be allowed in this case.  More importantly, Plaintiff has not indicated any objection to the third-party complaint – to the contrary, it has consented to multiple requests for modification of the schedule, at least one of which contemplated impleading Tolk.  Accordingly, the third-party complaint will not be dismissed due to Hillier's failure to file a motion for leave.

**B.    Timeliness**

The Tolk/Hillier contract contains a choice of law provision, which recites, in relevant part, "[t]his agreement shall be governed and interpreted in all respects under the laws

of the State of Virginia." (ECF No. 13-2, at 5). Consequently, according to Tolk, the agreement is subject to Virginia's statute of repose for improvers of real property, which provides:

> No action to recover for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction, or construction of such improvements to real property more than five years after the performance or furnishing of such services and construction.

Va. Code Ann. § 8.01-250. Asserting that Hillier filed its third-party complaint "more than five years after the performance or furnishing of [its] services and construction," Tolk argues that Hillier's "indemnity and contribution claims are . . . barred by the Virginia [s]tatute of [r]epose." (ECF No. 52-1, at 12).

As Hillier observes, however, neither Plaintiff nor it seeks to "recover for any injury to property . . . or for bodily injury or wrongful death, arising out of the defective and unsafe condition of any improvement to real property, nor . . . for contribution or indemnity for damages sustained as a result of such injury[.]" (ECF No. 53, at 8 (quoting § 8.01-250)).

9

*See School Bd. of the City of Norfolk v. U.S. Gypsum Co.*, 360 S.E.2d 325, 328 (Va. 1987) ("Code § 8.01-250 is a redefinition of the substantive rights and obligations of the parties to any litigation 'arising out of the defective and unsafe condition of an improvement to real property.'").    Indeed, the losses allegedly sustained by Plaintiff were purely economic, as they resulted from delay in the completion of construction and the cost of correcting the deficient design.    Moreover, § 8.01-250 "applies to 'those who furnish ordinary building materials, which are incorporated into construction work outside the control of their manufacturers or suppliers.'"    *Baker v. Poolservice Co.*, 636 S.E.2d 360, 367 (Va. 2006) (quoting *Luebbers v. Fort Wayne Plastics, Inc.*, 498 S.E.2d 911, 913 (Va. 1998)).    In other words, the statute was intended to place a limitation on products liability actions.    *See Jordan v. Sandwell, Inc.*, 189 F.Supp.2d 406, 413-14 (W.D.Va. 2002) ("chart[ing] the scope of § 8.01-250").    Because the instant case is not a such an action, § 8.01-250 has no application.

Tolk further challenges the timeliness of the underlying complaint.    Pursuant to Rule 14(a)(2)(C), a third-party defendant "may assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim[.]"    Here, Tolk "asserts that Plaintiff's claims against Hillier are barred by the Maryland [s]tatute of [l]imitations" found at Md. Code

Ann., Cts. & Jud. Proc. § 5-101.  (ECF No. 52-1, at 12).  Not surprisingly, Hillier whole-heartedly agrees, but argues that, "until those claims are dismissed, [it] is still exposed to potential liability, and thus is able to maintain its claims against [Tolk]." (ECF No. 53, at 9).

As the third-party defendant, it is unquestionably true that Tolk has the right to invoke a limitations defense that Hillier might raise.  The problem is that the defense must be "assert[ed] against the plaintiff," not the third-party plaintiff.  Fed.R.Civ.P. 14(a)(2)(C); *see F & D Property Co. v. Alkire*, 385 F.2d 97, 100 (10th Cir. 1967) ("For the purpose of defense against plaintiff's complaint, a third party defendant is in the law suit as an adverse party to the same extent as the defendant and must act accordingly.").  Here, Plaintiff has not responded to Tolk's motion and the court declines to rule on a potentially dispositive affirmative defense without full briefing by all parties.  In any event, it is not clear from the face of Plaintiff's complaint that a limitations defense would be meritorious.  There are likely factual disputes regarding, for example, when the limitations period commenced and whether tolling applies that make any decision on this issue inappropriate at the dismissal stage.  *Cf. Lindner v. Meadow Gold Dairies, Inc.*, 515 F.Supp.2d 1141, 1148-50 (D.Haw. 2011) (finding that third-party defendant could move for summary

judgment on the ground that the plaintiff's claims against the defendant/third-party plaintiff were barred by the statute of limitations).   Accordingly, Tolk's motion to dismiss based on the Maryland statute of limitations will be denied.[2]

### C.   Failure to Plead a Condition Precedent

The Tolk/Hillier contract provides, with respect to any claims that might be raised by Hillier:

> [T]ime is of the essence.  [Hillier] shall give [Tolk] written notice within 10 days of the date that [Hillier] discover[s], or should, in the exercise of ordinary care, have discovered that [Hillier] [has], or may have, a claim against [Tolk].  If you fail to deliver such written notice, then such claim forever shall be null and void.

(ECF No. 13-2, at 6).  According to Tolk, this language "clearly mandates a condition precedent to be satisfied prior to Hillier bringing a claim against [Tolk]," and because "Hillier does not plead that it ever satisfied this condition precedent," its third-party complaint should be dismissed.  (ECF No. 52-1, at 14).

Tolk bases its argument on Federal Rule of Civil Procedure 9(c), which provides that "[i]n pleading conditions precedent,

---

[2] In arguing that Hillier has failed to state a claim for contractual indemnity, Tolk suggests that the case might be "restyled as a breach of contract action," and that such action "would be subject to Virginia's 5-year [s]tatute of [l]imitations for breach of written contracts and it would be time-barred."  (ECF No. 52-1, at 10).  Because the court declines to "restyle" the third-party complaint in this manner, it does not consider whether such a claim would be time-barred.

it suffices to allege generally that all conditions precedent have occurred or been performed.   But when denying that a condition precedent has occurred or been performed, a party must do so with particularity."   This rule, however, "does not expressly require that performance of conditions be pled, it merely sets forth the manner in which such pleadings should be made."  *Kiernan v. Zurich Companies*, 150 F.3d 1120, 1123 (9th Cir. 1998) (citing 2 James Wm. Moore, *Moore's Federal Practice*, § 9.04[1] (3d ed. 1997)); *see also Mendez v. Bank of America Home Loans Servicing, LP*, 840 F.Supp.2d 639, 647-48 (E.D.N.Y. 2012) (citing *Kiernan* for the same proposition); *Kapahu v. BAC Home Loans Serv., L.P.*, Civ. No. 10-00097 JMS/BMK, 2010 WL 2734774, at *4 (D.Haw. July 8, 2010) (same).   Indeed, "the reference in Rule 9(c) to conditions precedent simply distinguishes what suffices when an allegation of performance is made from what satisfies when performance is denied."  *Shim v. PNC Bank, N.A.*, No. 10-00156, 2010 WL 3566733, at *2 (D.Haw. Sept. 14, 2010).

Because Hillier was not required to plead that it satisfied a condition precedent prior to filing suit, its third-party complaint is not subject to dismissal on that basis.   If Tolk wishes to raise failure to satisfy a condition precedent as an affirmative defense, it is free to do so in a subsequent pleading and/or motion.   Under the circumstances of this case,

however – given that both Tolk and Hillier were initially named as defendants in Plaintiff's complaint – any suggestion that Tolk was not on notice that Hillier might assert a right to indemnity and/or contribution strains credulity. *See Recreonics Corp. v. Aqua Pools, Inc.*, 638 F.Supp. 754, 758 (D.S.C. 1986) ("[T]o require plaintiff in the present case to plead fulfillment of the condition precedent would be to exalt form over substance, and would, indeed, be a hollow requirement").

D.   **Failure to State a Claim**

Tolk's arguments that the third-party complaint fails to state a claim for relief are more substantive.   Tolk contends that "Hillier has not and cannot plead any contract provision, unique circumstances or special relationship that would give rise to a claim for express or implied contractual indemnity under Virginia law," and that "Hillier cannot maintain a common law indemnity or contribution claim against [Tolk] because Plaintiff does not have an enforceable cause of action against [Tolk]."   (ECF No. 52-1, at 2).   Hillier counters that a limitation of liability clause in the Tolk/Hillier agreement "is clear enough to provide Hillier with a claim for express indemnification[,] or at least a claim for implied indemnification," and, under Maryland law, that its common law indemnity claim should not be dismissed because Hillier's

14

"liability is passive or secondary, while [Tolk's] negligence is active in nature." (ECF No. 53, at 6-7).[3]

### 1.   Contractual Indemnification

The parties agree that Virginia law applies to Hillier's claim for express or implied contractual indemnification, which is based on the following provision of the Tolk/Hillier agreement:

> The liability of [Tolk] for any loss, property damage, or bodily injury of or to [Hillier] in whole or part [*sic*] by an error or omission of [Tolk] in the performance of this Agreement shall be limited in the aggregate of the amount of fees paid by [Hillier] to [Tolk].  This limitation on liability shall apply to all claims, whether in tort, contract, or warranty.

(ECF No. 13-2, at 5).  According to Hillier, "this language clearly contemplates that [Tolk] intended to limit its liability to Hillier in the event Hillier suffered any 'loss' as a result of 'an error or omission of [Tolk].'" (*Id.*).

While the clause would appear to limit Tolk's liability for an indemnification claim, it clearly is not an express agreement to indemnify.  Indeed, the Tolk/Hillier contract does not mention indemnity, nor does it include any "hold harmless" language typically associated with such a provision.  *See TransDulles Ctr., Inc. v. USX Corp.*, 976 F.2d 219, 228 (4th Cir.

---

[3] Hillier does not specifically address Tolk's argument with respect to the contribution claim.

1992) (finding no express agreement to indemnify where the "contract . . . [did] not mention indemnity"); *Hanover Ins. Co. v. Corrpro Companies, Inc.*, 312 F.Supp.2d 816, 821 (E.D.Va. 2004) ("if the parties desired to create an indemnitor-indemnitee relationship, they could have done so expressly in the contract").[4]   Rather, the contractual language cited by Hillier is plainly intended to limit Tolk's liability for any claim that might arise from the contract.   By reciting that "any loss, . . . whether in tort, contract, or warranty" would be subject to this limitation, the agreement simply acknowledges that no claim would be exempt; it does not expressly create a right to indemnification.

Although an implied right to indemnity may arise from a contract under Virginia law, "only unique factors or a special relationship between the parties give rise to such a right." *TransDulles Ctr.*, 976 F.2d at 228.   Hillier has not alleged that it had such a relationship with Tolk, and it appears that "no unique relationship existed beyond the fact of the contract itself."   *Dacotah Mktg. and Research, L.L.C. v. Versatility,*

---

[4] By contrast, Plaintiff's contract with Hillier provides, in ¶ 12.2(c), that "[Hillier] shall and hereby does indemnify and save [Plaintiff] and its agents, consultants, representatives, and employees . . . harmless from all claims of liability and loss because of . . . damage to or loss of property or use thereof that may occur as a result . . . of any negligent action, or omission of [Hillier][.]" (ECF No. 23, at 17).

*Inc.*, 21 F.Supp.2d 570, 580 (E.D.Va. 1998). Because "the ordinary commercial contract between the parties here 'supplies no basis to find an implied contract for indemnification,'" *Clark Constr. Group Inc. v. Allglass Systems, Inc.*, No. Civ.A. DKC2002-1590, 2004 WL 1778862, at *14 (D.Md. Aug. 6, 2004) (quoting *TransDulles Ctr.*, 976 F.2d at 228), Hillier's claim for contractual indemnification cannot be sustained.

### 2. Equitable Indemnification

While the parties apparently disagree as to whether Virginia or Maryland law governs Hillier's common law indemnification claim, the outcome is the same in either event. In Virginia, a party may recover for equitable indemnification where that party is "without personal fault, [but] nevertheless legally liable for damages caused by the negligence of another." *Carr v. Home Ins. Co.*, 463 S.E.2d 457, 458 (Va. 1995); *see also Hanover Ins. Co.*, 312 F.Supp.2d at 821. In other words, "[i]f a defendant is guilty of active negligence, he may not obtain indemnification from any other defendant." *Level 3 Communications, LLC v. Webb, Inc.*, No. 3:12cv82-DJN, 2012 WL 2199262, at *3 (E.D.Va. June 14, 2012) (quoting *Philip Morris, Inc. v. Emerson*, 368 S.E.2d 268, 285 (Va. 1988)). Similarly, in Maryland, "a defendant may seek indemnification only when its liability is passive or secondary, which liability is rooted in

the concept of imputed or constructive fault." *Pyramid Condominium Ass'n v. Morgan*, 606 F.Supp. 592, 596 (D.Md. 1985).

In determining whether negligence is active or passive, courts typically look to the allegations in the plaintiff's complaint against the party seeking to implead the third-party defendant. *See Philip Morris*, 368 S.E.2d at 285. "If the alleged conduct attributed to the third-party plaintiff is active negligence, or if it is clear from the complaint that the third-party plaintiff's negligence would only arise from proof of active negligence, then there is no valid claim for indemnity." *Richards v. Freeman*, 179 F.Supp.2d 556, 560 (D.Md. 2002) (citing *Kelly v. Fullwood Foods, Inc.*, 111 F.Supp.2d 712, 714 (D.Md. 2000); *Pyramid Condominium*, 606 F.Supp. at 596); *see also Level 3 Communications*, 2012 WL 2199262, at *3 ("a party is actively negligent when its conduct was the proximate cause of the underlying plaintiff's injury and where the nature of the legal liability is more than vicarious") (quoting *Robert's Farm Equip., Inc. v. William Hackett Chains, Ltd.*, No. 1:10cv282, 2011 U.S. Dist. LEXIS 4851, at *19-20 (E.D.Va. Jan. 4, 2010)). Critically, for present purposes, it is not necessary that the third-party defendant be independently liable to the plaintiff; rather, "an equitable indemnification claim 'is assertable . . . as long as there is an allegation of negligence on the part of another alleged joint tort feasor.'" *Williams ex rel. Estate of*

*Williams v. United States*, 469 F.Supp.2d 339, 342 (E.D.Va. 2007) (quoting *CSX Transp., Inc. v. Titan Am., LLC*, No. LS-1717-1, 2004 WL 2999134, at \*2 (Va. Cir. Ct. Nov. 2, 2004)).

According to Tolk, "[s]ince it is readily evident from the pleadings that Hillier was an active tortfeasor, [Hillier] cannot maintain a common law indemnity claim[.]" (ECF No. 54, at 12). Although it is undoubtedly true that Plaintiff's complaint alleges active negligence on the part of Hillier, so, too, does it allege active negligence on the part of Tolk. If the fact-finder were ultimately to determine that Plaintiff's damages were solely attributable to defects in the MEP design, for example, it might also find that Hillier's failure to discover those defects constituted passive negligence. *See Williams*, 469 F.Supp.2d at 343 ("Equitable indemnification has specifically been 'allowed where the indemnitee has without fault or only through passive negligence failed to discover . . . a defect in products created or supplied by the [actively negligent] indemnitor.'" (quoting *White v. Johns-Manville Corp.*, 662 F.2d 243, 249 (4th Cir. 1981)). Thus, it is at least possible that Hillier could ultimately be found liable to Plaintiff for the active negligence of Tolk such that Hillier would be entitled to indemnity.

Maryland courts have expressly left open the question of whether – or when – the availability of indemnity turns only on

allegations in the complaint, or includes facts found after a hearing involving the plaintiff and the tortfeasor seeking indemnity. *Max's of Camden Yards v. A.C. Beverage*, 172 Md.App. 139, 152 (2006). As the Eastern District of Virginia district court explained in *Level 3 Communications*, 2012 WL 2199262, at *4, "[a]t this stage of the litigation [*i.e.*, the dismissal stage], it is sufficient that [the plaintiff] has alleged negligence claims against [the defendant/third-party plaintiff] and that [the defendant/third-party plaintiff], in turn, has alleged that [the third-party defendant] was the principle tortfeasor." *See also Williams*, 469 F.Supp.2d at 343 ("a determination of 'active-passive' negligence is a question for the trier of fact and thus cannot be resolved" on a motion to dismiss). Those minimal requirements have been met here. Accordingly, Hillier's equitable indemnity claim is not subject to dismissal.

### 3. Contribution

The "active/passive" negligence analysis applicable to equitable indemnity claims does not apply with respect to claims for contribution. In Virginia, the right of contribution is a creature of statute – specifically, Va. Code Ann. § 8.01-34, which provides that "[c]ontribution among wrongdoers may be enforced when the wrong results from negligence and involves no

moral turpitude."[5]   Virginia courts have construed this statute as giving "a right of contribution where the person injured 'has a right of action against two persons for the same indivisible injury.'"   *AMCO Water Metering Systems, Inc. v. Travelers Casualty Surety Co.*, No. Civ.A. 3:03CV00003, Civ.A. 3:03CV00012, 2003 WL 22299025, at *2 (W.D.Va. Sept. 30, 2003) (quoting *Virginia Elec. & Power Co. v. Wilson*, 277 S.E.2d 149, 150 (Va. 1981)).[6]   Thus, "contribution is available only where both the party seeking contribution, and the party from whom contribution is sought, are liable to a third party for the same indivisible injury."   *E.I. DuPont de Nemours and Co. v. Kolon Industries, Inc.*, 688 F.Supp.2d 443, 464 (E.D.Va. 2009); *see also Wilson*, 277 S.E.2d at 150 ("Though the concurring negligence of two persons may have resulted in an indivisible injury to a third, if the third person has a cause of action against only one of them, that one cannot enforce contribution from the other.").   Similarly, under Maryland law, "[c]ontribution rests on common

---

[5]   Tolk argues that Virginia law governs Hillier's contribution claim by virtue of the choice of law provision in the Tolk/Hillier contract.   As noted, Hillier has not specifically addressed the contribution argument.   The end result is the same, however, regardless of whether Virginia or Maryland law applies.

[6]   A right of action "belongs to some definite person; it is the remedial right accorded that person to enforce a cause of action," and it "arises only when that person's rights are infringed."   *Roller v. Basic Constr. Co.*, 384 S.E.2d 323, 326 (Va. 1989).

liability, not on joint negligence or joint tort," and "[c]ommon liability exists when two or more actors are liable to an injured party for the same damages, even though their liability may rest on different grounds." *Richards*, 179 F.Supp.2d at 560 (quoting *Parler & Wobber v. Miles & Stockbridge, P.C.*, 359 Md. 671, 687 (2000) (internal marks omitted)).

Although Plaintiff's complaint clearly contains allegations of liability as to both Hillier and Tolk – thereby supporting Hillier's equitable indemnity claim against Tolk – the court previously determined that Plaintiff does not have a right of action against Tolk directly. *See National Labor College*, 739 F.Supp.2d at 834, 835-36. Because there is no common liability between Tolk and Hillier for the injury allegedly suffered by Plaintiff, there can be no right of contribution.

## IV. Conclusion

For the foregoing reasons, Tolk's motion to dismiss will be granted in part and denied in part. A separate order will follow.

_____
/s/
DEBORAH K. CHASANOW
United States District Judge
